FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SHANE SATEY,

        *Plaintiff-Appellant,*

        v.

JPMORGAN CHASE & COMPANY, a
corporation, d/b/a Chase Bank
USA NA,

        *Defendant-Appellee,*

        and

EXPERIAN INFORMATION SOLUTIONS,
INC., a corporation,

        *Defendant.*

No. 06-56370

D.C. No.
CV-05-07758-R

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
February 14, 2008—Pasadena, California

Filed March 31, 2008

Before: Betty B. Fletcher and N. Randy Smith,
Circuit Judges, and Samuel P. King,* Senior Judge.

Opinion by Judge N.R. Smith

*The Honorable Samuel P. King, Senior United States District Judge
for the District of Hawaii, sitting by designation.

3271

## COUNSEL

Robert F. Brennan, Esq., Brennan, Wiener & Associates, P.C., La Crescenta, California, for the plaintiff-appellant.

George G. Weickhardt, Ropers, Majeski, Kohn, Bentley, San Francisco, California, for the defendant-appellee.

## OPINION

N.R. SMITH, Circuit Judge:

We hold that Appellant Shane Satey's claim against JPMorgan Chase & Company, d/b/a Chase Bank USA NA ("Chase") fails because Chase is not a "claimant" under Cali-

fornia Civil Code sections 1798.92, *et seq.* ("California's Identity Theft Law"). We deny as moot Chase's request for further proceedings on its statement of material facts not in controversy. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I.

Chase issued a credit card to Appellant Shane Satey on March 17, 2002. Satey used the credit card in April 2002 for purchases totaling a few hundred dollars. On May 19, 2002, Chase received a charge in the amount of $8,666.00 on Satey's credit card account from Jackpot 98 Cent Store in Glendale, California. Chase approved the charge and it thereafter appeared on Satey's credit card statement for the billing period ending on May 29, 2002.

Satey contacted Chase on June 4, 2002 to dispute the charge as fraudulent and to report that his credit card was missing. Based on Satey's report of credit card fraud, Chase closed the existing account ("original account") and transferred the balance to a new account with a new account number.

That same day, a Chase account representative contacted Jackpot 98 Cent Store and spoke with the merchant. The merchant told the Chase account representative that Satey purchased $8,000, before taxes, worth of clothing and suitcases, and provided at the time of purchase a California driver's license containing the license number and date of birth. The merchant also told the Chase account representative that Jackpot 98 Cent Store obtained a signed credit card slip and an imprint of the card at the time of purchase. The Chase account representative requested that the merchant fax the documentation to Chase for review. Upon review, the Chase account representative determined that Satey's actual date of birth and driver's license number matched the information provided by the merchant.

After this investigation, Chase decided that the charge was legitimate and continued to seek payment from Satey for the amount due including interest and other charges. Satey then notified each of the three major credit bureaus that he was the victim of identity theft, but, unfortunately, referenced only the original account number when doing so. Meanwhile, Satey refused to make any payments to Chase on the disputed charge. As a result of his nonpayment, Satey's account with Chase became delinquent, and Chase reported the delinquency to the credit bureaus.

On March 28, 2003, Satey received a letter from CI Creditors Interchange, Inc. notifying him that Trilogy Capital Management, LLC ("Trilogy") purchased Satey's account from Chase. Trilogy requested that Satey tender payment in the amount of $10,106.11. That letter stated that the collection letter was "For: Chase Bank" but then went on to state that Trilogy had purchased the debt and was responsible for collection.

On December 6, 2004, lawyers for Great Seneca Financial Corporation ("Great Seneca") notified Satey that Great Seneca had purchased Satey's delinquent account.

## II.

On October 31, 2005, Satey sued Chase, Great Seneca, and Experian, one of the major credit bureaus, for violations of the Fair Credit Reporting Act ("FCRA"), California's Identity Theft Law, the federal Fair Debt Collection Practices Act ("FDCPA"), and California's Fair Debt Collection Practices Act ("California FDCPA") in the United States District Court for the Central District of California.

Subsequently, Satey voluntarily dismissed his claims against Great Seneca and settled with Experian. Chase's counsel and Satey's counsel executed a stipulation for dismissal of the FCRA, FDCPA, and California FDCPA claims.

The record is unclear whether that document was ever filed, though it appears that it was not. However, in the pretrial report, Satey's counsel represented to the district court that those claims had been dismissed and both the district court and counsel proceeded as if the claims had been dismissed. Satey also requested in the pretrial report that the district court consider whether it had jurisdiction over the remaining state law claim.

The factual bases for Satey's claim under California's Identity Theft Law included improper credit reporting, improper investigation, and improper sale of the disputed account by Chase. On or about July 19, 2006, Chase brought a motion for summary judgment on Satey's claim arising under California's Identity Theft Law. Chase argued that Satey's claim under California's Identity Theft law failed because (1) it was preempted by the federal FDCPA and (2) Chase was not a "claimant" under California's Identity Theft Law. The district court heard argument regarding Chase's motion on August 28, 2006, and granted Chase's motion from the bench after a short hearing, ruling that the FDCPA preempted Satey's claims under California's Identity Theft Law.

## III.

We review de novo whether the district court had subject matter jurisdiction. *Hoeck v. City of Portland*, 57 F.3d 781, 784 (9th Cir. 1995). We review the district court's decision to exercise supplemental jurisdiction for an abuse of discretion. *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007) (citing 28 U.S.C. § 1367(c)(3)).

"Summary judgment, a final order over which we take jurisdiction pursuant to 28 U.S.C. § 1291, is reviewed *de novo*, drawing all reasonable inferences supported by the evidence in favor of the non-moving party." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (citation and internal quotation marks omitted). "We may affirm the district court

on any basis supported by the record." *E. & J. Gallo Winery v. EnCana Corp.*, 503 F.3d 1027, 1049 (9th Cir. 2007) (internal brackets, citation, and quotation marks omitted).

## IV.

### A. The District Court Properly Exercised Jurisdiction

**[1]** "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster*, 504 F.3d at 1051. The fact that Satey may have later sought dismissal of his federal claims does not divest the district court of its power to exercise supplemental jurisdiction unless those claims were absolutely devoid of merit or obviously frivolous. *See Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991). Satey's federal claims were neither devoid of merit nor obviously frivolous even though they were not pursued.

**[2]** In *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988), the Supreme Court observed that "pendent jurisdiction doctrine is designed to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity[.]" *Id.* at 351. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* However, dismissal of the remaining state law claims in not "mandatory." *Id.* at 350 n.7.

There is no dispute that the district court's initial exercise of supplemental jurisdiction over Satey's state law claims was entirely proper. *See* 28 U.S.C. § 1367(a). The parties dispute whether the district court abused its discretion by retaining supplemental jurisdiction over the remaining state law claim

in light of Satey's stated intention to dismiss the remaining federal claims.

**[3]** We hold that the district court did not abuse its discretion by retaining supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (recognizing discretionary nature of 28 U.S.C. § 1367(c) and observing that "a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)"). Judicial economy and convenience to the parties were better accommodated by retaining the state law claim at that juncture, and the district court did not abuse its discretion by so doing. *See Carnegie-Mellon Univ.*, 484 U.S. at 350-51.

## B.   Chase is Entitled to Summary Judgment on Satey's Claim Under California's Identity Theft Law

Chase challenges Satey's claim under California's Identity Theft law on two distinct bases. Chase contends that the FDCPA preempts Satey's claim under California's Identity Theft Law. Chase also argues that it is not a "claimant" under California's Identity Theft Law, and thus, Satey's claim against Chase fails as a matter of law. Since we conclude that Chase is not a "claimant" under California's Identity Theft Law, we express no opinion on whether the FDCPA preempt's Satey's claim against Chase under California's Identity Theft Law.

**[4]** California's Identity Theft Law allows a "victim of identity theft" to bring an action for damages, civil penalties, and injunctive relief against a "claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." Cal. Civ. Code § 1798.93(a) and (c). "Claimant" means "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity

theft." Cal. Civ. Code § 1798.92(a). The statute defines a "victim of identity theft" as "a person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard pursuant to Section 530.5 of the Penal Code." Cal. Civ. Code § 1798.92(d).

Civil penalties are available if the victim of identity theft proves all of the following by clear and convincing evidence:

> (A) That at least 30 days prior to filing an action or within the cross-complaint pursuant to this section, he or she provided written notice to the claimant at the address designated by the claimant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the basis for that belief.

> (B) That the claimant failed to diligently investigate the victim's notification of a possible identity theft.

> (C) That the claimant continued to pursue its claim against the victim after the claimant was presented with facts that were later held to entitle the victim to a judgment pursuant to this section.

Cal. Civ. Code § 1798.93(c)(6).

Chase argues that summary judgment is appropriate on Satey's claim under California's Identity Theft law because it does not currently have, and has not had since 2003, "a claim for money . . . in connection with a transaction procured through identity theft." Thus, Chase argues, that it has not been a "claimant" since 2003 and that Satey's claim against

Chase under California's Identity Theft Law fails as a matter of law. For the reasons set forth below, we agree.

**[5]** The term "claimant," as defined in California Civil Code section 1798.92(a), reflects a present tense interest in a debt or attempt to collect. "In construing statutes, the use of verb tense by the Legislature is considered significant." *Hughes v. Bd. of Arch. Exam'rs.*, 952 P.2d 641, 649 (Cal. 1998). "It is a general rule of statutory construction that a statute, expressed in general terms and words of present or future tense, will be applied, not only to situations existing and known at the time of the enactment, but also prospectively to things and conditions that come into existence thereafter." *State Comp. Ins. Fund v. McConnell*, 294 P.2d 440, 446 (Cal. 1956); *see also* Cal. Civ. Code § 14. ("Words used in this code in the present tense include the future as well as the present."). If the California Legislature wanted to define "claimants" in the past tense, it could easily have done so by modifying the statutory language. *See Palmer v. United States*, 945 F.2d 1134, 1136 (9th Cir. 1991) ("If the legislature wished to deprive urban property holders of qualified immunity, it could have easily done so. It is not our role as a court to rewrite the plain language of a state statute."); *see e.g.*, Cal. Health & Safety Code § 52012.5 (expressly including a past-tense construction in the statutory definition of "first time homebuyer").

**[6]** Accordingly, granting the appropriate significance to the verb tense used by the California Legislature, we cannot construe "claimant" to include a person who had an interest in a disputed debt at some point in the past, but who no longer retains the interest at the time suit is filed, under California's Identity Theft Law.

**[7]** At the time Satey filed suit on October 31, 2005, he may have had a claim under California's Identity Theft Law against Great Seneca. Great Seneca had "a claim for money or an interest in property in connection with a transaction pro-

cured through identity theft." Cal. Civ. Code § 1798.92(a). However, Satey had no claim under California's Identity Theft Law against Chase on October 31, 2005 because Chase did not have, and had not had since 2003, "a claim for money or an interest in property in connection with a transaction procured through identity theft." *Id.*

**[8]** Our holding that the term "claimant" is limited to the present or future tenses is consistent with the four-year statute of limitations allowed by California's Identity Theft Law: a "claimant" could maintain a claim against a victim of identity theft for four or more years. The statute of limitations would continue to run, and a victim of identity theft could seek relief under California's Identity Theft Law, so long as the "claimant" maintained a claim. If, as happened here, a "claimant" sells the disputed debt to another entity, and the victim of identity theft has not yet filed suit, the victim of identity theft may no longer sue the former "claimant" under California's Identity Theft Law. In that situation, the victim of identity theft would be able to seek relief against the new "claimant" and would have four years within which to do so.

**[9]** In summary, because the California Legislature explicitly used the present tense when crafting the definition of "claimant" under California's Identity Theft Law, we hold that it does not apply to a "claimant" who no longer has a claim at the time the lawsuit is filed. For that reason, while Chase may have previously come within the scope of California's Identity Theft Law, once Chase sold the debt it was no longer a "claimant" under California's Identity Theft Law. Thus Satey's claim under California's Identity Theft Law was not viable against Chase when he filed suit on October 31, 2005. Satey instead dismissed his claim against Great Seneca. Consequently, we affirm the district court and hold that summary judgment was appropriately entered in light of the fact that Chase is not a "claimant" under California's Identity Theft Law.

Therefore, we decline to reach the propriety of the district court's conclusion that California's Identity Theft Law is pre-empted by the FCRA. In light of our decision affirming summary judgment, Chase's request for further proceedings on its statement of material facts not in controversy is moot.[1]

**Affirmed.**

---

[1]By failing to file a cross appeal, Chase waived any issue it may have had with respect to these claims. *See S.M. v. J.K.*, 262 F.3d 914, 923 (9th Cir. 2001).