MEMORANDUM **
Rahul Singh appeals pro se from the district court’s judgment in his civil rights action alleging that he was denied tenure and a promotion in retaliation for complaining about gender discrimination. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir.2005) (res judicata); Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991) (absolute immunity); Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1090 (9th Cir.2008) (subject matter jurisdiction). We affirm.
The district court properly dismissed the action against defendants Marlin, Weber, Hayhurst, and Reed based on the doctrine of res judicata. Singh may not relitigate whether these defendants re *316 taliated against him because those claims have already been litigated by the parties and their privies in state court and ultimately decided by the California courts in favor of defendants. See Singh v. Bd. of Trs. of the Cal. State Univ., No. D048076, slip op. at 8-11 (Cal. Ct.App. April 17, 2007); Singh v. Bd. of Trs. of the Cal. State Univ., No. S153042, slip op. at 1 (Cal. July 11, 2007); see also Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir.2007) (describing elements of res judicata under California law).
The district court properly dismissed the action against defendant Westover based on the doctrine of absolute immunity. See Fry, 939 F.2d at 837 (concluding that absolute immunity applies “to the government attorney’s initiation and handling of civil litigation in a state or federal court,” and explaining that such immunity is necessary “[wjhether the government attorney is representing the plaintiff or the defendant ... ”).
The district court properly dismissed the action against defendants Joel and Jeremy Golden for lack of subject matter jurisdiction. Singh’s claims against these defendants, who represented Singh in the state court litigation, do not form “part of the same case or controversy” as the retaliation and termination claims, and Singh has alleged no other basis for subject matter jurisdiction. See 28 U.S.C. § 1367(a).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.