NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CINDY DUPRE,

               Plaintiff-Appellant,

    v.

MOUNTAIN WEST FINANCIAL, INC.; et al.,

               Defendants-Appellees.

No. 14-56263

D.C. No. 5:13-cv-01480-CAS-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

    Cindy Dupre appeals pro se from the district court's order dismissing her

action alleging federal and state law claims arising from foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011), and we affirm.

The district court properly dismissed Dupre's promissory estoppel claim because Dupre failed to allege facts sufficient to state a plausible claim. *See Jones v. Wachovia Bank*, 179 Cal. Rptr. 3d 21, 28 (Ct. App. 2014) (stating elements of promissory estoppel).

The district court did not abuse its discretion by retaining supplemental jurisdiction over Dupre's promissory estoppel claim after dismissing with prejudice Dupre's federal claims. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008) (setting forth standard of review); *see also* 28 U.S.C. § 1367 (granting district courts supplemental jurisdiction over claims related to those over which district courts have original jurisdiction).

The district court did not abuse its discretion by dismissing Dupre's third amended complaint without further leave to amend. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**

2                                                                    14-56263