**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL B. WILLIAMS, | No. 16-16034 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-04507-EMC |
| v. | |
| T. MICHAEL YUEN, Court Executive Officer and Clerk of the San Francisco Court Superior Court, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Michael B. Williams, a pre-trial civil detainee under California's Sexually

Violent Predators Act ("SVPA"), appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915(e)(2)(ii), *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005), and we affirm.

The district court properly dismissed Williams's action because Williams failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (setting forth pleading standard); *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (setting forth elements of access-to-courts claim); *People v. Fraser*, 42 Cal. Rptr. 3d 424, 435 (Ct. App. 2006) (no right to self-representation in civil commitment proceedings under the SVPA).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Williams's state law claim after dismissing Williams's federal claims. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (setting forth standard of review and explaining that district court may decline to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed).

The district court did not abuse its discretion by denying Williams leave to amend because Williams cannot cure the deficiencies in his complaint. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "a district court may dismiss without leave where . . . amendment would be futile").

The district court did not abuse its discretion by denying Williams's motion

for reconsideration because Williams failed to state any grounds warranting relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e)).

**AFFIRMED.**