NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIE K. MAMBOLEO, | No. 15-15562 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00648-DJH |
| v. | |
| WELLS FARGO BANK, NA; CHEX SYSTEMS INCORPORATED, AKA Chex Systems, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Elie K. Mamboleo appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from the

reporting of negative items on his consumer credit report.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We may affirm on any basis supported by the record, *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008), and we affirm.

Dismissal of Mamboleo's action was proper because Mamboleo abandoned his federal claims and failed to allege facts sufficient to support his state law claims.  *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 (9th Cir. 2011) ("[A] litigant may abandon a claim by communicating his desire to do so to the district court."); *Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court properly denied Mamboleo's motion to remand the action to state court because the district court had subject matter jurisdiction under 28 U.S.C. § 1331, and the action was properly removed under 28 U.S.C. § 1441.  *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir. 2004) (denial of a motion to remand a removed case is reviewed de novo).

The district court did not abuse its discretion by retaining supplemental jurisdiction over Mamboleo's state law claims after dismissing the federal claims because the district court considered the interests of judicial economy and convenience, comity and fairness to the parties.  *See Satey v. JPMorgan Chase &*

*Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008) (setting forth standard of review).

The district court did not abuse its discretion by denying Mamboleo's motion to amend his complaint because the proposed amendments would not have cured the defects in the complaint. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (setting forth standard of review and stating that a "district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . ." (citation and internal quotation marks omitted)).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

**AFFIRMED.**