**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD SARUKHANOV, an individual, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> J.P. MORGAN CHASE BANK, N.A., <br><br> Defendant-Appellee. | No. 14-56961 <br><br> D.C. No. 2:13-cv-02223-DSF-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 8, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

Appellant Ronald Sarukhanov (Sarukhanov) challenges the district court's

grant of partial summary judgment in favor of Appellee JPMorgan Chase Bank,

NA (Chase). Sarukhanov alleged that he was a victim of identity theft and sought

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

compensation from Chase pursuant to California's Identity Theft Act. Sarukhanov contends that the district court erroneously concluded that he could not pursue his identity theft claim because Chase was not a claimant as required under the Identity Theft Act.

When interpreting statutory text, "[t]he California Supreme Court first looks to the language of the statute, giving effect to the words' plain meaning; if the language is unambiguous, the plain meaning controls." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 650 (9th Cir. 2016) (citation, alteration, and internal quotation marks omitted). Pursuant to Cal. Civ. Code § 1798.93(a):

> (a) A person may bring an action against a *claimant* to establish that the person is a victim of identity theft in connection with the *claimant's claim against that person*. If the *claimant* has brought an action to recover on its *claim* against the person, the person may file a cross-complaint to establish that the person is a victim of identity theft in connection with the *claimant's claim*.

(emphases added).

Cal. Civ. Code § 1798.92(a) defines a "claimant" as "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." The plain statutory terms of Cal. Civ. Code § 1798.93(a) provide that an identity theft victim may pursue an action only against a party that has made a "claim against that person." It is undisputed that

2

Chase has never asserted a claim against Sarukhanov related to the missing funds. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008) (observing that "[t]he term 'claimant,' as defined in California Civil Code section 1798.92(a), reflects a present tense interest in a debt or attempt to collect"). Summary judgment in favor of Chase was warranted because Chase is not a claimant under the plain and unambiguous terms of the Identity Theft Act.[1]

**AFFIRMED.**

---

[1] Because we resolve this appeal based on the plain meaning of the statute, we need not consider Chase's alternative arguments premised on legislative history and the California Commercial Code. We also deny Chase's Request For Judicial Notice In Support Of Defendant-Appellee's Answering Brief.