**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERTA WATTERSON, on behalf of herself and all others similarly situated,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>GARFIELD BEACH CVS, LLC,<br><br>    Defendant-Appellee. | No.    15-16623<br><br>D.C. No. 3:14-cv-01721-HSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted June 14, 2017
San Francisco, California

Before:  SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,[**] District Judge.

Roberta Watterson ("Watterson") appeals from the district court's grant of

summary judgment in favor of appellee Garfield Beach CVS, LLC ("CVS"). We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment *de novo*. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). We affirm.

**1.** Under California law, employees are entitled to be paid for "hours worked," which is defined as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *See* IWC Wage Order No. 7-2001 § 2(G); Cal. Code Regs., title 8, § 11070(2)(G). Watterson was not "subject to the control of," or "suffered or permitted to work" by, CVS. She admitted during her deposition that CVS did not require her to sign up for medical insurance; she was not required to complete the wellness program as a condition of her employment; the requirements to complete the wellness program were not work and were not part of her job duties; CVS did not direct her when to complete the requirements of the wellness program; she could complete the questionnaire and schedule appointments when it was convenient for her; she was not required to be reachable or ready to perform work responsibilities; and she was never interrupted. *Cf. Morillion v. Royal Packing Co.*, 995 P.2d 139, 146 (Cal. 2000). Summary judgment was proper because Watterson failed to establish a genuine issue of material fact as to whether time spent completing annual health screenings and

wellness questionnaires for a voluntary and optional wellness program instituted by CVS for its employees meets the definition of "hours worked." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

2. Because the time spent completing the wellness program did not amount to "hours worked," there has been no waiver of California's minimum wage law. We have considered Watterson's remaining arguments and find them all to be either waived or unpersuasive.

Watterson's motion to take judicial notice of the EEOC report is denied. AFFIRMED.