**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GALINA VICTOROVNA OGEONE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> W. RUTH YANG, Dentist, <br><br> Defendant-Appellee. | Nos.  15-15499 <br> 15-16005 <br><br> D.C. No. 1:13-cv-00166-SOM-RLP <br><br> MEMORANDUM[*] |

Appeals from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Galina Victorovna Ogeone appeals pro se

from the district court's judgment following a jury trial in her action alleging

federal and state claims arising out of her dental treatment.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a denial of a motion to remand.  *Hall*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007).  We affirm.

The district court properly denied Ogeone's April 12, 2013 and May 2, 2013 motions to remand because Ogeone's claims against a federal employee certified to be acting within the scope of her employment must proceed in federal court under the Federal Tort Claims Act ("FTCA") with the United States as the proper defendant.  *See Osborn v. Haley*, 549 U.S. 225, 229-32 (2007) (where the U.S. Attorney General certifies that a federal employee named as a defendant in a tort action was acting within the scope of her employment, the United States must be substituted as the defendant and the case must proceed in federal court under the FTCA); *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) (Attorney General's certification that a federal employee was acting within the scope of employment must be disproved by a preponderance of the evidence).  We reject as without merit Ogeone's contentions that removal was untimely, that Ogeone's state and federal notices of appeal before trial divested the district court of jurisdiction, and that the district court lacked personal jurisdiction over defendant Yang.

The district court did not abuse its discretion in retaining supplemental jurisdiction over Ogeone's state law claim after dismissing her FTCA claim.  *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (setting forth standard of review and explaining that the district court has discretion to retain supplemental jurisdiction over state law claims even if federal claims are

dismissed).

The district court did not abuse its discretion in denying Ogeone's motion to continue trial because a continuance one day before trial would have seriously inconvenienced the court and defendant, and Ogeone failed to establish that she was prejudiced by the denial of the continuance. *See United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. 1985) (setting forth standard of review and factors that the court should consider when reviewing the denial of a request for continuance).

The district court did not abuse its discretion in granting defendant's motion for attorney's fees because Ogeone's action was in the nature of assumpsit. *See* Haw. Rev. Stat. § 607-14; *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883-84 (9th Cir. 2000) (setting forth standard of review and explaining that § 607-14 provides for attorney's fees to the prevailing party in actions in the nature of assumpsit, which includes all possible contract claims).

We reject as unsupported by the record Ogeone's contentions regarding the district court's violations of her due process rights.

We do not consider matters that were not properly raised before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Ogeone's motion to supplement the record and request for judicial notice (Docket Entry Nos. 25 and 26 in appeal No. 15-15499; Docket Entry Nos. 18 and

3                                                                                          15-15499

19 in appeal No. 15-16005) are denied.

Ogeone's motion to rule on pending appeal (Docket Entry No. 29 in appeal

No. 15-15499; Docket Entry No. 21 in appeal No. 15-16005) is granted.

**AFFIRMED.**