NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD H. BURT, | No. 17-56960 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-07340-AG-JDE |
| v. | |
| CITY OF SANTA BARBARA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Richard H. Burt appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging federal and state law violations arising from

his arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

summary judgment and qualified immunity determinations.  *Glenn v. Washington*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*County*, 673 F.3d 864, 870 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Burt's Fourth Amendment unlawful arrest claim on the basis of qualified immunity because at the time of Burt's arrest, it would not have been clear to every reasonable officer that an arrest was unlawful under the circumstances. *See Rosenbaum v. Washoe County*, 663 F.3d 1071, 1075-76 (9th Cir. 2011) (explaining two-part test for qualified immunity in the context of a claim for unlawful arrest).

The district court properly granted summary judgment on the claims against defendants City of Santa Barbara and the Santa Barbara Police department because Burt failed to raise a genuine dispute of material fact as to whether the alleged violations were caused by municipal policy, custom, or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Burt's state law claim after dismissing Burt's federal claims. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (setting forth standard of review and explaining that district court may decline to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed).

17-56960

We do not consider issues raised by Burt in his brief that are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

**AFFIRMED.**