**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A. EDWARD EZOR, | No. 18-16003 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05338-WHO |
| v. | |
| STATE BAR OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

A. Edward Ezor appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging due process violations in connection with

proceedings before the Client Security Fund Commission of the State Bar of

California. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Villa v. Maricopa County*, 865 F.3d 1224, 1228 (9th Cir. 2017) (dismissal for failure to state a claim); *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994) (dismissal on the basis of res judicata). We affirm.

The district court properly dismissed Ezor's due process claim as barred by the doctrine of res judicata because Ezor's claim was raised, or could have been raised, in an administrative proceeding between the same parties that resulted in a final judgment on the merits. *See Miller*, 39 F.3d at 1034 (failure to seek review of an adverse state administrative decision bars federal suit under § 1983 under the doctrine of res judicata); *State Bar of Cal. v. Statile*, 86 Cal. Rptr. 3d 72, 89 (Ct. App. 2008) (setting forth requirements of res judicata under California law).

The district court properly dismissed Ezor's federal wiretapping claim because Ezor failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Ezor's state law claim. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (setting forth standard of

review and explaining that a district court may decline to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed).

We reject as without merit Ezor's contention that the district judge was biased against him and that defendants are not entitled to immunity under the Eleventh Amendment.

Ezor's motion to take judicial notice (Docket Entry No. 2) is denied as unnecessary because the transcript in question is already in the record.

**AFFIRMED.**