**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYED NAZIM ALI, | No. 19-15571 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-03981-LHK |
| v. | |
| INTEL CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Syed Nazim Ali appeals pro se from the district court's judgment dismissing his employment action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Ali's discrimination claims under Title VII, as well as Ali's discrimination and retaliation claims under the California Fair Employment Housing Act ("FEHA"), because Ali failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show he is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 847-48 (9th Cir. 2002) (the protected characteristic must be a motivating factor for the employment decision for a Title VII discrimination claim); *Harris v. City of Santa Monica*, 294 P.3d 49, 66 (Cal. 2013) (the protected characteristic must be a substantial motivating factor for the employment decision for a FEHA discrimination claim); *Mamou v. Trendwest Resorts, Inc.*, 81 Cal. Rptr. 3d 406, 428 (Ct. App. 2008) (elements of a FEHA retaliation claim).

The district court properly dismissed Ali's claim for age discrimination under the Age Discrimination in Employment Act because Ali failed to exhaust his administrative remedies. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-1100 (9th Cir. 2002) ("Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC

charge." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Ali leave to file a second amended complaint because leave to amend would have been futile and prejudicial to defendant. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Ali's state law claims rather than remanding his state law claims to state court. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (setting forth standard of review and explaining that the district court has discretion to retain supplemental jurisdiction over state law claims even if the federal law claims are dismissed).

The district court did not abuse its discretion by denying Ali's request for judicial notice of the contents of newspaper articles. *See Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." (citation

and internal quotation marks omitted)); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**