**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VENOCO, LLC, FKA Venoco, Inc., a Delaware limited liability company, | No. 19-55600 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02988-PSG-JEM |
| v. | |
| PLAINS PIPELINE, L.P., a Texas limited partnership; PLAINS ALL AMERICAN PIPELINE, L.P., a Delaware limited partnership; PLAINS GP HOLDINGS, L.P., a Delaware limited partnership; PLAINS AAP, L.P., a Delaware limited partnership; PLAINS ALL AMERICAN GP, LLC, a Delaware limited liability company; PAA GP, LLC, a Delaware limited liability company, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 7, 2020[]
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and BOULWARE,[***] District Judge.

Venoco, LLC appeals from several orders of the district court dismissing its claims against Plains Pipeline, L.P. and its affiliated companies (collectively Plains) arising from a rupture of and oil spill from Plains' pipeline. Venoco operated an offshore oil platform that relied on the pipeline to transport its oil and had to shut the platform down when the pipeline was closed for repairs. Venoco sued for lost profits pursuant to the federal Oil Pollution Act[1] (OPA), California's Oil Spill Prevention and Response Act[2] (OSPRA), and state common law tort claims. Venoco argues that the district court erred by dismissing[3] its claims for lost profits under the OPA and OSPRA, by retaining supplemental jurisdiction over the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard F. Boulware II, United States District Judge for the District of Nevada, sitting by designation.

[1] 33 U.S.C. §§ 2701–2762.

[2] Cal. Gov't Code §§ 8574.1–8574.15, 8670.1–8670.95; Cal. Pub. Res. Code §§ 8750–8760.

[3] Fed. R. Civ. P. 12(b)(6).

state law claims,[4] and by ultimately dismissing those claims.[5]   We affirm.

(1.)  The district court did not err[6] when it dismissed the OPA and OSPRA

claims.  Under the OPA, a party responsible for an oil spill is liable for the

damages resulting from the oil spill.  33 U.S.C. § 2702(a).  As relevant to Venoco's

complaint, subsection (b) allows a plaintiff to recover "[d]amages equal to the loss

of profits or impairment of earning capacity due to the injury, destruction, or loss

of real property, personal property, or natural resources."  *Id.* § 2702(b)(2)(E).

California's OSPRA is almost identically worded.[7]  Given the similarity between

the two statutes and the lack of California case law interpreting the OSPRA, the

parties agree that the same interpretation should govern both statutes.

When interpreting statutory text, we begin with "the plain language of the

statute, construing the provisions of the entire law, including its object and policy,

to ascertain the intent of Congress."  *Carson Harbor Vill., Ltd. v. Unocal Corp.*,

---

[4]28 U.S.C. § 1367.

[5]Fed. R. Civ. P. 12(c).

[6]*See Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2744, 204 L. Ed. 2d 1147, *and cert. denied*, 139 S. Ct. 2767, 204 L. Ed. 2d 1133 (2019).

[7]*See* Cal. Gov't Code § 8670.56.5(a), (h)(6).  The OSPRA does contain a requirement that the plaintiff derive "at least 25 percent of his or her earnings from the activities that utilize the property or natural resources."  *Id.* § 8670.56.5(h)(6). Venoco properly alleged this fact; thus, it is not at issue.

270 F.3d 863, 877 (9th Cir. 2001) (en banc) (internal quotation marks omitted).

Venoco's claimed lost profits were not "due to the injury, destruction, or loss of real property, personal property, or natural resources." 33 U.S.C. § 2702(b)(2)(E). The only loss was the decreased value of Venoco's oil due to Venoco's current inability to take the oil to market; that is not a loss of real property, personal property, or natural resources beyond the lost profits themselves.

(2.) The district court did not abuse its discretion[8] by retaining supplemental jurisdiction over Venoco's state law claims after dismissing its OPA claim. A district court with jurisdiction over a federal claim has supplemental jurisdiction over state law claims that form part of the same case and can choose to decline supplemental jurisdiction if the federal claim is dismissed. 28 U.S.C. § 1367(a), (c)(3). In deciding whether to retain supplemental jurisdiction after all federal claims have been dismissed before trial, a district court should consider "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7, 98 L. Ed. 2d 720 (1988); *see also Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1265 (9th Cir. 2016); *Satey*,

---

[8]*See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090–91 (9th Cir. 2008).

521 F.3d at 1091; *Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991). In this case, the district court was "in the best position to judge the extent of resources invested" and that discretion "ought not be lightly disturbed." *Schneider*, 938 F.2d at 993–94. We will not do so.

(3.) Finally, we conclude that the district court correctly dismissed Venoco's state law claims based on the public utility duty exception under California law. Venoco argues that Plains was not acting as a public utility and, even if it were, this exception would not apply. We disagree on both accounts.

(a.) California law defines a public utility as including pipeline corporations. *See* Cal. Pub. Util. Code §§ 216(a)(1), 227–228. For a private corporation to operate as a public utility, the corporation must clearly dedicate its facilities to public use. *Indep. Energy Producers Ass'n, Inc. v. State Bd. of Equalization*, 22 Cal. Rptr. 3d 562, 574 (Ct. App. 2004); *see also Richfield Oil Corp. v. Pub. Utils. Comm'n*, 354 P.2d 4, 11 (Cal. 1960). A corporation does so when it supplies its services to the public or some portion of the public "'as a class'" instead of to particular individuals. *Indep. Energy Producers Ass'n*, 22 Cal. Rptr. 3d at 574–75. This requirement is met even though the corporation "may serve only one or a few customers." *Richfield Oil Corp.*, 354 P.2d at 11. That

perfectly describes Plains. *See Unocal Cal. Pipeline Co. v. Conway*, 28 Cal. Rptr. 2d 429, 431 (Ct. App. 1994).

(b.) California law imposes a duty of care upon all individuals, including public utilities, "to exercise reasonable care in the management of [their] personal and real property." *White v. S. Cal. Edison Co.*, 30 Cal. Rptr. 2d 431, 435 (Ct. App. 1994); *see also* Cal. Civ. Code § 1714(a). But "[i]n the absence of a contract between the utility and the consumer expressly providing for the furnishing of a service for a specific purpose," a public utility has no duty to prevent injuries to its customers that are the "result of an interruption of service or a failure to provide service." *White*, 30 Cal. Rptr. 2d at 435–36; *see Niehaus Bros. Co. v. Contra Costa Water Co.*, 113 P. 375, 379–81, 383 (Cal. 1911).[9]

Plains was operating its pipeline as a public utility and Venoco was one of its customers using that pipeline to transport oil. Venoco's damages were caused by the interruption of that service. As a customer harmed by the interruption of a

---

[9]Venoco's complaint explicitly disclaimed the existence of any contract between it and Plains that might otherwise allow for contractual liability.

service, Venoco could not recover damages caused by the interruption.[10]

**AFFIRMED.**

---

[10]We reject Venoco's argument that the district court erred by failing to apply *White*. *See White*, 30 Cal. Rptr. 2d at 437. *White* did not involve a customer of a utility injured by the interruption of service. *See id.* 435–36; *cf. Langley v. Pac. Gas & Elec. Co.*, 262 P.2d 846, 847–50 (Cal. 1953).