**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMANUEL L. FINCH, Sr., | No. 19-35961 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05675-RBL |
| v. | |
| K. RICHARD WHITEHEAD; DEPARTMENT OF ASSIGNED COUNSEL, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Washington state prisoner Emanuel L. Finch, Sr. appeals pro se from the

district court's judgment dismissing his action alleging federal and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008).  We affirm.

The district court properly dismissed Finch's federal claims under 42 U.S.C. §§ 1981, 1985, and 1986, and state law claims, because Finch failed to file these claims within the applicable statutes of limitations.  *See* 42 U.S.C. § 1986 (one-year statute of limitations); Wash. Rev. Code § 4.16.080 (three-year statute of limitations for personal injury actions); *Donoghue v. County of Orange*, 848 F.2d 926, 930 (9th Cir. 1987) (absent a federal statute of limitations, Civil Rights Act claims are governed by forum state's statute of limitations for personal injury actions); *see also Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761-62 (9th Cir. 1991) (a claim accrues when the plaintiff first learns of the injury giving rise to the claim).

The district court properly dismissed Finch's 42 U.S.C. § 1983 claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on these claims would necessarily imply the invalidity of his conviction or sentence, and Finch failed to allege facts sufficient to show that his conviction had been invalidated.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his

confinement but must instead seek federal habeas corpus relief).  The dismissal of these claims as *Heck*-barred should be without prejudice.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (dismissals under *Heck* are without prejudice).  We affirm the district court's dismissal of these claims, but remand to the district court with instructions to amend the judgment to reflect that the dismissal of these claims is without prejudice.

The district court did not abuse its discretion by dismissing Finch's state law claims rather than remanding his state law claims to state court.  *See  Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (setting forth standard of review and explaining that the district court has discretion to retain supplemental jurisdiction over state law claims even if the federal law claims are dismissed).

We reject as unsupported by the record Finch's contentions that the district court was biased, deprived him of his constitutional rights, and conspired with defendants.

Finch's motion for dismissal (Docket Entry No. 19) is denied.

The Clerk will provide Finch with a courtesy copy of the Federal Rules of Appellate Procedure.

19-35961

**AFFIRMED; REMANDED with instructions to amend the judgment.**