NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PENNY GARDNER, formerly known as
Penny Rodriguez,

Plaintiff - Appellant,

v.

ISRAEL RODRIGUEZ; STATE OF
WASHINGTON, Acting through and doing
business as The Washington Health Care
Authority,

Defendants - Appellees.

No. 24-2418

D.C. No.
2:22-cv-00144-TOR

MEMORANDUM*

PENNY GARDNER,

Plaintiff - Appellee,

v.

ISRAEL RODRIGUEZ,

Defendant - Appellant,

and

STATE OF WASHINGTON,

Defendant.

No. 24-2760

D.C. No.
2:22-cv-00144-TOR

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted April 22, 2026<sup>**</sup>
Seattle, Washington

Before: MURGUIA, Chief Judge, and McKEOWN and KOH, Circuit Judges.

Plaintiff Penny Gardner brought this action for damages against the State of Washington and eight state agencies (collectively, "State Defendants"), as well as Israel Rodriguez. Gardner asserted against State Defendants federal and state constitutional due process and equal protection claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, and various state law claims. Gardner also asserted state law claims against Rodriguez. Gardner appeals the district court's grant of summary judgment in favor of State Defendants.[1] Rodriguez cross-appeals the district court's decision to remand Gardner's state law claims against him to state court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] On appeal, Gardner challenges only the viability of her Section 1983 claim, the merits of her federal due process and equal protection claims, and remand of her state law outrage claim against State Defendants. Gardner does not raise any arguments as to Sections 1985(3) or 1986, her state constitutional claims, or her other state law claims against State Defendants. Accordingly, Gardner has waived these issues. *See Arpin v. Santa Clara Valley Transport. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived.").

2                                                              24-2418

"We review the district court's decision on cross-motions for summary judgment de novo. Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *U.S. Sec. & Exch. Comm'n v. Feng*, 935 F.3d 721, 728 (9th Cir. 2019) (citations omitted). We review the district court's decision to retain or decline supplemental jurisdiction over state law claims for an abuse of discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008).

1. The district court did not err in dismissing Gardner's Section 1983 claim because State Defendants are not "persons" subject to suit under Section 1983. The plain text of 42 U.S.C. § 1983 creates a cause of action against "[e]very person" who violates a right secured by the U.S. Constitution or federal law while acting under color of state law. The U.S. Supreme Court has long held that states and state agencies are not "persons" within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). That alone forecloses Gardner's Section 1983 claim against State Defendants. *See id.*

Gardner's arguments to the contrary misread well-established precedent. First, State Defendants' waiver of Eleventh Amendment sovereign immunity by removing the case from state court to federal court did not transform State Defendants into "person[s]" within the meaning of Section 1983. *See id.* at 66 (confirming that Eleventh Amendment immunity and Section 1983 personhood are

"separate issues"); *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1234 (9th Cir. 2015) (observing that Section 1983 personhood is "often conflated with Eleventh Amendment immunity" but "the concepts are distinct" (citation omitted)).

Second, even if Washington state law could modify Section 1983's personhood requirement, the Washington Supreme Court has repeatedly confirmed that Washington state law does not do so. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1189 (9th Cir. 2002) ("[T]he determination of § 1983 liability is governed by federal law."); *see also Rains v. Washington*, 674 P.2d 165, 170 (Wash. 1983) ("[T]here is no express legislative indication that the State [] has consented to suit . . . for federal civil rights actions."); *Wash. State Republican Party v. Wash. State Pub. Disclosure Comm'n*, 4 P.3d 808, 830 (Wash. 2000) ("[S]uit may not be brought under § 1983 . . . against the state . . . because a state is not a 'person' subject to suit within the meaning of § 1983.").

Third, Gardner separately contends that State Defendants "waived" their ability to argue a "lack of capacity to be sued" under Section 1983 when State Defendants waived their Eleventh Amendment sovereign immunity. As explained, Eleventh Amendment immunity and Section 1983 personhood are distinct concepts, and waiver of the former does not constitute a "waiver" of arguments as to the latter. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (treating the issue of Section 1983's personhood requirement as distinct

from the issue of waiver of Eleventh Amendment immunity by removal). No case law supports Gardner's suggestion that State Defendants' removal of this case to federal court precludes State Defendants from asserting that they are not "persons" within the meaning of Section 1983. To the extent that Gardner believes that State Defendants "waived" the personhood argument because it was an affirmative defense that State Defendants failed to timely raise below, Gardner is incorrect. State Defendants repeatedly argued that they are not "persons" under Section 1983 in their summary judgment briefing. *See Garcia v. Salvation Army*, 918 F.3d 997, 1008-09 (9th Cir. 2019) (confirming that an affirmative defense can be raised for the first time at summary judgment absent a showing of prejudice that goes beyond mere delay).

2. The district court did not abuse its discretion by retaining supplemental jurisdiction over Gardner's state law outrage claim against State Defendants after the district court dismissed Gardner's federal claims. 28 U.S.C. § 1367(c) provides that a district court "may" decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it had original jurisdiction." *See Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them."). A district court's exercise of that discretion should "consider and weigh . . . the values of judicial economy,

convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *abrogated on other grounds by Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 39-41 (2025). "Supreme Court and Ninth Circuit precedent teaches us that the district court is in the best position to judge the extent of resources invested in a case and that, therefore, the district court's discretion ought not be lightly disturbed." *Schneider v. TRW, Inc.*, 938 F.2d 986, 993-94 (9th Cir. 1991).

Here, the district court properly determined that retaining supplemental jurisdiction over Gardner's state law outrage claim would be in the interest of "judicial economy" because the case had been pending in federal court for nearly 22 months, the district court had resolved several issues involving the scope of discovery as to State Defendants, the state law claim against State Defendants had been briefed on the merits by both parties, and a resolution could definitively resolve the case as against State Defendants. *Cohill*, 484 U.S. at 350. The district court properly dismissed the state law outrage claim on the merits because Gardner failed to meet her burden of establishing a prima facie showing that State Defendants engaged in conduct that was "so extreme in degree[] as to go beyond all possible bounds of decency." *Dicomes v. Washington*, 782 P.2d 1002, 1012 (Wash. 1989).

3.      The district court did not abuse its discretion by declining to retain

supplemental jurisdiction over Gardner's state law claims against Rodriguez. The district court properly determined that the "judicial economy" concerns that applied to State Defendants did "not present" as to Rodriguez. *Cohill*, 484 U.S. at 350. Once State Defendants were dismissed from the action, Rodriguez was the "sole remaining defendant" and "a non-diverse party facing only state law claims." Furthermore, Rodriguez's motion for summary judgment did not address the merits of Gardner's state law claims. Instead, the motion raised arguments that required resolution of issues unrelated to the issues raised by Gardner's federal claims. Accordingly, the district court appropriately exercised its discretion by treating Gardner's state law claims against Rodriguez like "the usual case" and remanding those claims to state court. *Id.* at 350 n.7.

**AFFIRMED.**