**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLUMBUS ALLEN, Jr., | No. 18-55718 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01923-CAB-JMA |
| v. | |
| SCOTT KERNAN, CDCR Secretary; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted May 21, 2019[**]

Before:    THOMAS, Chief Judge, and FRIEDLAND and BENNETT, Circuit
Judges.

Columbus Allen, Jr., a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a dismissal for failure to state a claim.  *Hamilton v. Brown*, 630 F.3d 889, 892

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Allen's equal protection claim because Allen failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (setting forth elements of an equal protection "class of one" claim); *Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) ("To prevail on an Equal Protection claim brought under § 1983, [plaintiff] must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." (citations and internal quotation marks omitted)).

Because Allen has failed to address on appeal how the district court erred in dismissing his federal remaining claims, Allen has waived his challenge to the district court's dismissal of these claims.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief

are deemed waived.").

The district court did not abuse its discretion by denying Allen's motion for reconsideration because Allen failed to state any grounds warranting relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 60).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Allen's state law claims after dismissing Allen's federal claims. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (setting forth standard of review and explaining that district court may decline to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed).

**AFFIRMED.**

18-55718